UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN TIMOTHY MUIR,

    Plaintiff,

        v.                            Case No. 2:24-cv-11728
                                         Hon. Linda V. Parker

WARDEN REWERTS, et al.,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Michigan prisoner Herman Timothy Muir ("Plaintiff"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, (ECF No. 1), as well as an application to proceed without prepayment of the filing fee.   (ECF No. 2.)   In his complaint, Plaintiff raises claims concerning his conditions of confinement while housed at the Carson City Correctional Facility in Carson City, Montcalm County, Michigan.   He names the Carson City warden and several employees at that facility as defendants in this action.   He sues defendants in their official capacities and seeks monetary damages.

Having reviewed the matter, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District

Court for the Western District of Michigan. Venue for a civil action brought in

federal district court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general. A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they

perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.

1972). When venue is improper, a district court may either dismiss the case or, in

the interests of justice, transfer the case to a district or division where it could have

been brought. *See* 28 U.S.C. § 1406(a).

Additionally, even when venue is proper, a district court may transfer a civil

action to any other district where it might have been brought for the convenience

of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a).

A court may sua sponte transfer a case for improper venue. *Carver v. Knox Co.,*

*Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

All of the defendants reside in Montcalm County for purposes of the present complaint and the events giving rise to the complaint occurred there. Montcalm County is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court. The Western District is also a more convenient forum for this case.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a), the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to any pending motions or the merits of the complaint.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 22, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 22, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

3